FILED
2026 Sep-02 PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **DARRELL WOODARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY DEMAND** |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.: ________________** |
| **CRESTWOOD HOSPITAL, LLC** | ) | |
| ***d/b/a* Crestwood Medical Center,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1. This is an action against defendant Crestwood Hospital, LLC, for legal and equitable to redress unlawful discrimination against the plaintiff based on race. The suit is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§2000e, *et seq.* (hereinafter "Title VII"), and 42 U.S.C. § 1981 ("§ 1981"), which provide for relief from discrimination on the basis of race and retaliation. The plaintiff seeks declaratory relief, injunctive relief, and other equitable remedies, including backpay and reinstatement or front pay, compensatory damages, punitive damages, and nominal damages, and attorneys' fees and litigation expenses.

## JURISDICTION & VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a)(4), 2201, 2202, and 42 U.S.C. §2000e-5(f)(3).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(g). The unlawful employment practices alleged were committed by the defendant within Madison County which is within the jurisdiction of the United States District Court for the Northern District of Alabama, Northeastern Division.

4. The plaintiff requests a jury trial on all equitable claims and defenses and all issues triable by jury.

## PARTIES

5. Plaintiff Darrell Woodard ("plaintiff" or "Woodard") is a male citizen of the United States, is over the age of nineteen (19), and was a resident of the State of Alabama during the relevant time period. During the relevant time period, defendant Crestwood Hospital, LLC employed the plaintiff according to Title VII and 42 U.S.C. § 1981.

6. Defendant Crestwood Hospital, LLC *d/b/a* Crestwood Medical Center ("Crestwood Hospital" or "defendant") is an "employer" subject to suit under Title VII and a person subject to suit under 42 U.S.C. § 1981. During the

relevant time period, the defendant conducted business in Madison County, Alabama and employed more than five hundred (500) employees for each working day during each of the twenty (20) or more calendar work weeks in the applicable calendar year.

## ADMINISTRATIVE PREREQUISITES

7. The plaintiff fulfilled all conditions precedent to the institution of this action under Title VII.

8. On or about April 21, 2025, the plaintiff timely filed a charge of discrimination with the EEOC against Crestwood Hospital alleging discrimination on the basis of race and age, which was within 180 days of the occurrence of the last discriminatory act and which was assigned Charge Number 420-2025-01648. (Exhibit 1, Charge of Discrimination).

9. On June 4, 2026, the EEOC issued the plaintiff Notice of Right to Sue for Charge Number 420-2025-01648, and the plaintiff has timely filed this Complaint within 90 days of receipt of that notice. (Exhibit 2, Notice of Right to Sue).

10. The plaintiff's claims under 42 U.S.C. § 1981 do not require administrative exhaustion.

## STATEMENT OF FACTS

11. The plaintiff incorporates by reference each of the foregoing factual allegations in paragraphs 1 through 10 as though fully set forth herein.

12. Woodard was employed by Crestwood Hospital for more than twenty-two (22) years, from October 16, 2002, until it terminated his employment on January 20, 2025.

13. Woodard is African American and male.

14. During the more than twenty-two (22) years Woodard worked for Crestwood Hospital, he performed his job duties in an exemplary manner and received numerous merit raises.

15. Crestwood Hospital selected Woodard to be a Preceptor, which was a position that trained other employees about the protocols to follow.

16. Woodard served as a Preceptor and as Bariatric Coordinator for approximately fifteen (15) years.

17. Prior to the incident discussed below, Crestwood Hospital had never disciplined Woodard for any reason.

18. During January 2015, Woodard was promoted to the position of Operating Room Tech, Level III, which is a surgical technician.

19. Crestwood Hospital admitted in its position statement to the EEOC that Woodard was “a very skilled Operating Room Tech (Surgical Tech).”

20. During November 2023, Woodard complained to Crestwood Hospital that Sharon Amos (Caucasian) was discriminating against him because of his race.

21. Woodard asked for a meeting with Human Resources Manager Michael P. (Caucasian male), which was attended by Director Susan Horn (Caucasian female) and Christina Applegate (Caucasian female).

22. After Woodard complained about Amos, Crestwood Hospital demoted Amos after numerous employees complained about how she treated people.

23. Crestwood Hospital failed to investigate or resolve Woodard’s complaints of race discrimination.

24. On or about January 6, 2025, Woodard was preparing the operating room for a procedure and noticed that the room was missing the Dornoch, which is a suction device named after the brand of the manufacturer of the device.

25. Woodard walked into the next operating room and asked Scrub Tech Emma McLean (Caucasian female in her twenties) if she had seen the Dornoch.

26. McLean immediately cursed and verbally attacked Woodard.

27. Woodard attempted to explain to McLean that he was not blaming her for the fact that the Dornoch was missing, but McLean continued to curse at Woodard.

28. In order to avoid further demeaning and derogatory language, Woodard turned and exited the room.

29. McLean subsequently made false allegations about Woodard and claimed that he threatened her.

30. On or about January 20, 2025, Assistant Director Bob (LNU) spoke to Woodard about the incident but did not allow him to provide a statement explaining what happened.

31. The same day, Woodard was summoned to a meeting with Human Resources which included Bob (LNU), Michael P., and Horn.

32. Michael P. informed Woodard that Crestwood Hospital was terminating his employment due to the incident with McLean.

33. Woodard subsequently learned that Amos coached McLean about the content of her statement and told other Crestwood Hospital employees that she was "intimidated" by Woodard because he was "a big black scary man."

34. Following Woodard's termination, he drove home and there were 4-5 police cars at his apartment.

35. Crestwood Hospital admitted in its position statement to the EEOC that it contacted the police and asked them to perform a "wellness check" on Woodard because "the facility was concerned it might harm himself". Crestwood Hospital claimed that "wellness checks are for the benefit of the person the police are checking on…[and that it] play[ed] no part in determining whether the police decide[d] if an individual should be taken in for their safety or the safety of others."

36. The police officers took Woodard into custody based on the report they received from Crestwood Hospital.

37. The police officers took Woodard to Huntsville Hospital where he was confined in the psychiatric unit with no clothing for over twenty-four (24) hours based on the report made by Crestwood Hospital.

38. After the psychiatrist examined Woodard the following day, Hunstville Hospital immediately released Woodard.

39. Woodard's termination from a job he had held for over twenty-three (23) years and confinement to a psychiatric ward, immediately following Woodard's termination, were embarrassing and humiliating.

40. Crestwood Hospital subjected to stricter scrutiny than it did White employees because of his race, African American.

41. When Crestwood Hospital employees made similar complaints about white employees, Crestwood Hospital did not terminate those employees.

42. Crestwood Hospital terminated Woodard on a first offense based on the word of a short-term employee despite the fact that Woodard had no prior discipline.

43. About one year after Woodard was terminated, McLean's husband, David, told Woodard that about ten (10) days after Crestwood Hospital terminated Woodard, McLean retracted her statement and resigned her position at Crestwood Hospital. David told Woodard that McLean admitted to Bob (LNU) that Amos told her what to put in her statement.

44. Despite the fact that McLean retracted her statement, Crestwood Hospital did not rescind its decision to terminate Woodard.

## DAMAGES

45. Woodard is now suffering and will continue to suffer irreparable injury from Crestwood Hospital's unlawful conduct as set forth herein unless enjoined by this Court.

46. Woodard has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost

wages and other pecuniary losses as a consequence of Crestwood Hospital's unlawful conduct.

47. Woodard has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for a declaratory judgment, injunctive relief, compensatory damages, punitive damages, nominal damages, and liquidated damages is his only means of securing adequate relief.

## COUNT ONE
## Disparate Treatment on the Basis of Race in Violation of Title VII and 42 U.S.C. §1981

48. The plaintiff incorporates by reference each of the foregoing factual allegations in paragraphs 11 through 46 as though fully set forth herein.

49. Woodard is African-American.

50. Crestwood Hospital intentionally discriminated against Woodard on the basis of his race when it terminated his employment in violation of Title VII and 42 U.S.C. §1981.

51. Crestwood Hospital engaged in the practices complained of herein with malice and/or reckless indifference to his federally protected rights.

52. As a result and consequence of Crestwood Hospital's actions, Woodard has suffered pain, financial damage, embarrassment, trauma and humiliation.

53. This claim is brought against Crestwood Hospital as Woodard’s employer under Title VII and 42 U.S.C. 1981.

**COUNT TWO**
**Retaliation in Violation of 42 U.S.C. §1981**

54. The plaintiff incorporates by reference each of the foregoing factual allegations in paragraphs 11 through 46 as though fully set forth herein.

55. Woodard engaged in protected activity when he complained to Crestwood Hospital that Amos was discriminating against him on the basis of his race.

56. Crestwood Hospital intentionally discriminated against Woodard on the basis of retaliation when it terminated his employment in violation of 42 U.S.C. §1981.

57. Crestwood Hospital engaged in the practices complained of herein with malice and/or reckless indifference to his federally protected rights.

58. As a result and consequence of Crestwood Hospital's actions, Woodard has suffered pain, financial damage, embarrassment, trauma and humiliation.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the plaintiff a declaratory judgment holding that the actions of the defendant described hereinabove violated and continue to violate the rights of the plaintiff as secured by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

2. Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with it and on its behalf from continuing to violate Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

3. Grant the plaintiff an order requiring the defendant to make the plaintiff whole by ordering the defendant to reinstate him to the position he would have occupied in the absence of the discrimination as set out herein, including backpay (plus interest), reinstatement or front pay, compensatory damages, punitive damages, and nominal damages.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and litigation expenses.

Respectfully submitted,

*/s/ H. Wallace Blizzard*
H. Wallace Blizzard
ASB 8969-B56H
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205.314.0593 (phone/text)
205.314.0793 (fax)
wblizzard@wigginschilds.com
*Counsel for Plaintiff*

## JURY TRIAL DEMAND

Plaintiff requests a trial by struck jury on all questions of fact raised by his complaint.

*/s/ H. Wallace Blizzard*
OF COUNSEL

**Defendant's Address:**
**Crestwood Hospital, LLC**
**c/o Corporation Service Company, Inc.**
**641 South Lawrence Street**
**Montgomery, AL 36104**